Reg 29313-016

# United States District Court

EASTERN DISTRICT OF VIRGINIA

APR 11

08-262-M-02

UNITED STATES OF AMERICA

v.

SCOTT ERIC LUELLEN

**WARRANT FOR ARREST**

CASE NUMBER: 1:08mj266

**FILED**
APR 15 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   SCOTT ERIC LUELLEN
                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with (brief description of offense)

in relation to violating 18 U.S.C. 1029 (Fraud and related activity in connection with access devices), knowingly transferring, possessing, and using, without lawful authority, a means of identification of another person,

in violation of Title  18  United States Code, Section(s)  1028A

| Name of Issuing Officer | Title of Issuing Officer |
|---|---|
| Signature of Issuing Officer | 4/11/08 at Alexandria, Va / Date and Location |
| Bail fixed at $ _____ by | Name of Judicial Officer |

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ~~ARRESTING~~ OFFICER Reporting | SIGNATURE OF ~~ARRESTING~~ OFFICER Reporting |
|---|---|---|
| DATE OF ARREST | DUSM Robert C. Byars | R.C. Byars |

JS 45 (11/2002)

Filed Under Seal Pursuant to the E-Government Act of 2002

# Criminal Case Cover Sheet

U.S. District Court

**Place of Offense:**

| | | |
|---|---|---|
| | Under Seal: Yes ☒  No X | Judge Assigned: _____ |
| City _____ EDVA _____ | Superseding Indictment ____ | Criminal Number: _____ |
| County/Parish _____ | Same Defendant ____ | New Defendant ____ |
| | Magistrate Judge Case Number 1:08mj266 | Arraignment Date: ____ |
| | Search Warrant Case Number ____ | |
| | R 20/R 40 from District of ____ | |

**Defendant Information:**

Juvenile — Yes ___ No XX  FBI # _____

Defendant Name: Scott Eric Luellen _____  Alias Name(s) _____

Address: _____

Employment: _____

Birth date _____ _____ __M Def Race ____ Nationality _____ Place of Birth _____
Height ____ Weight ____ Hair ____ Eyes ____ Scars/Tattoos _____

Interpreter: X No ___ Yes List language and/or dialect: _____  Automobile Description _____

**Location Status:**

Arrest Date _____

___ Already in Federal Custody as of _____ in _____
___ Already in State Custody   ___ On Pretrial Release   XX Not in Custody
X  Arrest Warrant Requested    ___ Fugitive              ___ Summons Requested
___ Arrest Warrant Pending     ___ Detention Sought      ___ Bond __ _____

**Defense Counsel Information:**

Note: ___ Office of Federal Public Defender not to be appointed due to conflict of interest
Note: ___ CJA (Criminal Justice Act) attorney not to be appointed due to conflict of interest

Name: _____  ___ Court Appointed
Address: _____  ___ Retained
Telephone: _____  ___ Public Defender

**U.S. Attorney Information:**

AUSA  ANDRESON _____  Telephone No: 703-299-3903 ___   Bar # _____

**Complainant Agency, Address & Phone Number or Person & Title:**

USSS, SA Anthony Saler, PO Box 34060, Washington, DC 20043  202-406-8218

**U.S.C. Citations:**

| | Code/Section | Description of Offense Charged | Count(s) | Capital/Felony/Misd/Petty |
|---|---|---|---|---|
| Set 1 | Title 18, U.S.C., Section 1343 | Wire Fraud | 1 | Felony |
| Set 2 | Title 18, U.S.C., Section 1028A | Aggravated Identity Theft | 1 | Felony |
| Set 3 | | | | |

(May be continued on reverse)

Date: _____  Signature of AUSA: _____

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ EASTERN _____ DISTRICT OF _____ VIRGINIA _____

APR 11

UNITED STATES OF AMERICA

v.

SCOTT ERIC LUELLEN

CRIMINAL COMPLAINT

0 8 - 2 6 2 - M - 0 2

CASE NUMBER: 1:08mj266

COPY

**FILED**
APR 1 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __JUNE__ in __2007__ County, in the

_____ Eastern _____ District of __Virginia__ _____ defendant(s) did, (Track Statutory Language of Offense)

in relation to violating 18 U.S.C. 1029 (Fraud and related activity in connection with access devices), knowingly transferred possessed, and used, without lawful authority, a means of identification of another person,

in violation of Title __18__ United States Code, Section(s) __1028A__.

I further state that I am a(n) __Agent__ and that this complaint is based on the following facts
Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

AUSA- ANDERSON

Sworn to before me and subscribed in my presence,

__4/11/08__
Date

Signature of Complainant
ANTHONY SALER
Special Agent
United States Secret Service

at __Alexandria, Virginia__
City and State
/s/Thomas Rawles Jones, Jr.

Name & Title of Judicial Officer                                         Signature of Judicial Officer

4. I am assigned to this investigation and have participated in it since it began. My involvement includes: interviewing witnesses and reviewing financial records, emails, and related documents.

5. This affidavit is submitted for the limited purpose of establishing probable cause. The facts in this affidavit are based on my investigation, personal observations, training and experience, as well as information conveyed to me by other law enforcement officials. Because this affidavit is submitted for limited purposes, I am not including all facts known to law enforcement authorities concerning this investigation.

## II. PURPOSE OF AFFIDAVIT

6. The facts set out in this affidavit will show there is probable cause to believe that from in or about June 1, 2007 to March 30, 2008, SCOTT ERIC LUELLEN violated Title 18, U.S.C., Section 1028A.

7. This affidavit is submitted in support of the following:

   A. A criminal complaint charging SCOTT ERIC LUELLEN with knowingly transferring, possessing, and using, without lawful authority, a means of identification of another person, in relation to violating Title 18, United States Code, Section 1029, in violation of Title 18, United States

2

Code, Section 1028A.

B. An arrest warrant for SCOTT ERIC LUELLEN, for violating Title 18, United States Code, Section 1028A.

### III. OVERVIEW OF SCOTT LUELLEN'S FRAUD

8. StreamCenter, Inc. (StreamCenter), located at 387 Technology Drive, College Park, MD, produces online educational videos for professional organizations such as the National Society for Professional Engineers.

9. On May 28, 2007, StreamCenter offered the position of Chief Executive Officer to Scott Eric Luellen (Luellen). Luellen began working for StreamCenter on June 1, 2007.

10. On March 29, 2008, StreamCenter terminated Luellen's employment for cause. StreamCenter terminated Luellen, in part, due to his misappropriation of corporate funds and his unauthorized use of a StreamCenter corporate credit card for his personal use and enjoyment.

### IV. PROBABLE CAUSE: DETAILS OF THE SCHEME TO DEFRAUD

#### A. UNAUTHORIZED BONUS PAYMENTS TO SCOTT LUELLEN

11. Luellen's employment agreement with StreamCenter provided that he would receive "incentive compensation" following the end of each calendar quarter for each month that the Company's earnings before interest, taxes, depreciation, and amortization (EBITDA) exceeded $10,000. Before

3

Luellen could receive any potential "incentive compensation," the StreamCenter Treasurer was required to certify that the company's monthly EBITDA did in fact exceed $10,000 as computed on an accrual basis in accordance with generally accepted accounting principles.

12. When Luellen initially began working for StreamCenter, he fired its outside accounting firm. The firm had been hired to provide monthly financial reports to StreamCenter about its revenues and expenses. These reports would have provided the basis from which the StreamCenter Treasurer would certify if Luellen was eligible to receive "incentive compensation."

13. On or about June 30, 2007, Luellen caused StreamCenter to pay $3,099.41 to him in gross wages as "incentive compensation." On or about July 31, 2007, Luellen caused StreamCenter to pay $1,615.72 to him in gross wages as "incentive compensation." This payment posted to Luellen's Bank of America account on August 7, 2007. On August 6, 2007, the balance in the account was $278.03.

14. The StreamCenter Treasurer never certified that Luellen was eligible to receive "incentive compensation" for June and July 2007.

15. Luellen presented his own monthly financial reports for June and July 2007 to the StreamCenter Board of Directors

4

(Board). These reports reflected monthly EBITDAs over $10,000. In fact, StreamCenter lost money in June and July of 2007 and as a result of these losses required substantial cash infusions from investors.

16. In November 2007, Bish and Haffey was hired as the new accounting firm for StreamCenter. In January 2008, Bish and Haffey provided a financial report to the Board about revenues and expenses for the 2007 calendar year. It also provided a detailed payroll data report. From these reports, the Board learned for the first time about the June and July 2007 "incentive compensation" payments to Luellen.

17. On or about March 17, 2008, Luellen caused StreamCenter to pay $5,463.76 in gross wages to him as "incentive compensation" for January 2008. The payment to Luellen posted to his Bank of America account on March 17, 2008. On March 16, 2008, the balance in the account was negative $586.93.

18. The StreamCenter Treasurer never certified that Luellen was eligible to receive "incentive compensation" for January 2008.

19. The StreamCenter Treasurer became aware of the March 2008 "incentive compensation" payment to Luellen only after he had reviewed the company's bank statement. When

StreamCenter confronted Luellen about the March payment, Luellen provided a fictitious financial report for January 2008. This report reflected that EBITDA for January 2008 was over $10,000. In fact, StreamCenter actually lost money in January 2008.

20. Luellen caused StreamCenter to pay over $10,000 to him in unauthorized "incentive compensation."

21. All of the unauthorized compensation payments were drawn from the StreamCenter corporate account established at the Virginia Commerce Bank branch located at 5350 Lee Highway, Arlington, VA 22207.

22. All of the unauthorized compensation payments were deposited into Bank of America account # 2260-XXXX-XXXX in the name of Scott E. Luellen. Luellen opened this account on May 22, 2007, at the Bank of America branch located at 201 Pennsylvania Avenue, S.E., Washington, DC, 20003.

23. I have reviewed Luellen's monthly Bank of America account statements from May 2007 to March 2008. Luellen consistently had negative balances in the account during this time period and incurred numerous fees for overdraft items.

### B. LUELLEN'S UNAUTHORIZED USE OF CORPORATE CREDIT CARD

24. StreamCenter established a Visa corporate credit card account through Bank of America. Deena B., a StreamCenter employee, had a StreamCenter corporate credit card in her name. The card issued to her was imprinted with her name and the StreamCenter name below her name. The account number for the card was 4339-XXXX-XXXX-XXXX.

25. Luellen fired Deena B. in June 2007. He then began using her corporate credit card to pay for expenses that he incurred. Luellen caused StreamCenter to incur approximately $38,000 in credit card charges as a result of his use of Deena B.'s card.

26. StreamCenter never provided authorization to Luellen for his use of Deena B.'s card. Bank of America has advised StreamCenter that it considers Luellen to be personally responsible for the charges on Deena B.'s card and intends to seek payment from Luellen for these charges.

27. The StreamCenter employee policy manual provides that employees are to incur only necessary business costs. Personal expenses such as movies, dry cleaning, and alcoholic beverages are the responsibility of the employee. Authorized business expenses are to be reimbursed only after submission and approval of expense

reports. All expenses over $25 require receipts. In addition, all receipts for travel and entertainment are expected to include the date, place of meeting, persons in attendance, business discussed, and amount of the expense.

28. StreamCenter made numerous requests to Luellen for sufficient supporting documentation to approve the expenses incurred through the use of Deena B.'s credit card. Luellen provided inadequate documentation for virtually all of the expenses.

29. Luellen did admit that approximately $4,500 in charges incurred through his use of Deena B.'s card were for personal expenses. This amount included charges of $3,050 and $700 payable to Harvard Continuing Education, $121.77 payable to Brook Brothers, $196.31 payable to WholeFoods, $93.95 for raffle tickets, and $413.25 payable to Ikea.

30. A review of the activity on Deena B.'s cards reveals that Luellen used the card at merchants located in the Eastern District of Virginia. The following list is an example of some of those charges:

| Trans. Date | Merchant | Location | Amount |
|---|---|---|---|
| 9/1/07 | Thornton River Grill | Sperryville, VA | $74.40 |
| 9/3/07 | Iron Bridge Wine Company | Warrenton, VA | $108.74 |
| 9/3/07 | Sperryville Corner Store | Sperryville, VA | $27.93 |

8

| Date | Merchant | Location | Amount |
|---|---|---|---|
| 9/3/07 | Sperryville Corner Store | Sperryville, VA | $4.49 |
| 9/20/07 | Safeway | Middleburg, VA | $21.09 |
| 9/21/07 | Teddy's Pizza and Subs | Middleburg, VA | $26.56 |
| 11/2/07 | Sheetz | Haymarket, VA | $50.00 |
| 11/7/07 | Moe's Deli & Bar | Sterling, VA | $33.04 |
| 12/10/07 | Cuppa Giddy Up | Middleburg, VA | $4.36 |
| 12/24/07 | ExxonMobil | Middleburg, VA | $23.51 |
| 12/29/07 | CVS Pharmacy | Arlington, VA | $105.00 |

31. StreamCenter did not approve any of the expenses in the previous paragraph because Luellen did not submit the required supporting documentation. StreamCenter believes that all of the charges in the previous paragraph were most likely for Luellen's personal expenses. Luellen even admitted to StreamCenter that the December 10, 2007, charge at Cuppa Giddy Up was a personal expense.

32. A review of the monthly statements from Luellen's personal account at Bank of America reveals that Luellen purchased goods and services from the same ExxonMobil merchant, Safeway merchant, Iron Bridge Wine Company merchant that is listed in Paragraph 30. Additionally, some of transactions in Paragraph 30 occurred when Luellen had a negative balance in his Bank of America account.

### C. LUELLEN'S FALSE AND MISLEADING REPRESENTATIONS TO OBTAIN A LOAN

33. Luellen asked the Chairman of the StreamCenter Board of Directors if he could obtain additional funds. Luellen explained that he needed money because he had fallen behind in his alimony payments. He described his arrearage for his alimony payments as a serious matter. Luellen also said that he needed money for his legal expenses. Based on the context of the conversation, the Chairman of the StreamCenter Board of Directors believed that Luellen was referring to legal expenses related to his divorce proceedings.

34. Based on the representations in the previous paragraph, the Chairman of the StreamCenter Board of Directors agreed to loan $36,000 to Luellen from NM Financial, LLC (NM Financial). NM Financial is a holding company that holds StreamCenter stock shares.

35. On January 30, 2008, and February 5, 2008, NM Financial issued a $12,000 cashier's check payable to Luellen. On March 4, 2008, NM Financial transferred $12,000 from its Virginia Commerce Bank account directly to Luellen's account at Virginia Commerce Bank. These three payments of $12,000 constitute the proceeds of the $36,000 loan.

36. On January 30, 2008, Luellen signed a promissory note in which he agreed to pay $36,000 to NM Financial with applicable interest by February 1, 2010.

37. Under the terms of the note, Luellen is in default of any statement or representation made by him to NM Financial was false or misleading in any material respect.

38. I have spoken to the attorney who represents Luellen's ex-wife. He has stated that Luellen has represented himself continuously in all legal proceedings since the Fall of 2005.

39. On July 17, 2007, the Fauquier County Circuit Court ordered that StreamCenter garnish $2,500 per month from Leullen's wages and remit the funds to his ex-wife. It also ordered that his ex-wife receive 60% of the disposable income that Luellen receive from "incentive compensation."

40. According to her divorce attorney, Luellen has not made any alimony payments to his ex-wife (other than the $2,500 per month garnishment) since he obtained the $36,000 in loan proceeds. Luellen has also not provided 60% of the disposable income that he received from his three unauthorized payments of "incentive compensation."

V. <u>CONCLUSIONS OF AFFIANT</u>

41. Based on my training and experience, and the evidence in this case, I submit that there is probable cause to believe that Luellen has engaged in a scheme to defraud StreamCenter.

42. I submit that there is also probable cause to believe that from on or about June 1, 2007, through March 30, 2008, in the Eastern District of Virginia and elsewhere, Luellen obtained the means of identification of Deena B., without her knowledge or authorization, to fraudulently purchase goods and services in the Eastern District of Virginia and elsewhere in violation of Title 18, United States Code, Sections 1029 and 1028(A).

43. The combined total loss to StreamCenter as a result of Luellen's fraudulent conduct was approximately: <u>$84,000</u>.

44. Wherefore, pursuant to Rule 4 of the Federal Rules of Criminal Procedure, I respectfully request that an arrest warrant be issued for SCOTT ERIC LUELLEN.

_____
Anthony Saler
Special Agent
United States Secret Service

Sworn and subscribed to before me this 11th day of April, 2008.

/s/Thomas Rawles Jones, Jr.
_____
United States Magistrate Judge

13